UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

September 12, 2018

LETTER TO COUNSEL

RE: *Debra Kim Jobes v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-2904

Dear Counsel:

On October 2, 2017, Plaintiff Debra Kim Jobes petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Ms. Jobes's reply. (ECF Nos. 16, 17, 18). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). For the reasons set forth below, I will deny both motions, reverse the SSA's decision, and remand the case to the SSA for further analysis pursuant to sentence four of 42 U.S.C. § 405(g). This letter explains my rationale.

Ms. Jobes protectively filed her claims for benefits on February 27, 2014, alleging a disability onset date of February 26, 2014. (Tr. 220-21, 222-28). Her claims were denied initially and on reconsideration. (Tr. 97-106, 107-16, 119-29, 130-140). A hearing was held on July 7, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 50-96). Following the hearing, the ALJ determined that Ms. Jobes was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 27-49). The Appeals Council ("AC") denied Ms. Jobes's request for further review, (Tr. 1-7), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Jobes suffered from the severe impairments of "osteoarthritis of the right knee, cervicalgia with left shoulder pain, chronic venous insufficiency, and obesity." (Tr. 32). Despite these impairments, the ALJ determined that Ms. Jobes retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a), except she can never climb ladders, ropes, or scaffolds and she can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

(Tr. 37). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Jobes could perform several jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 43-44).

Ms. Jobes raises two primary arguments on appeal: (1) that the ALJ improperly evaluated Listing 1.04A; and (2) that the ALJ failed to support her RFC determination with substantial evidence. Pl. Mot. 9-26; Pl. Resp. 2-8. I agree that the ALJ's RFC analysis is flawed, and I therefore remand. In remanding for additional explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Jobes is not entitled to benefits is correct.

Ms. Jobes contends that the ALJ failed to support her RFC assessment with substantial evidence by failing to explain why no manipulative limitations were warranted based on Ms. Jobes's cervicalgia and shoulder pain. Pl. Mot. 20-26. I agree.

This Court must remand when the ALJ fails to explain why relevant limitations were not included in the RFC. *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). When a claimant has an impairment causing both strength limitations and nonexertional limitations, the ALJ must consider first whether a finding of disability is warranted based on the strength limitations alone and then how the nonexertional limitations may further limit the claimant's work capability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e)(2); SSR 96-8p, 1996 WL 374184, at *5 (S.S.A. 1996); SSR 83-14, 1983 WL 31254, at *2 (S.S.A. 1983) ("For example, at all exertional levels, a person must have certain use of the arms and head to grasp, hold, turn, raise, and lower objects.").

At step two, the ALJ specifically found Ms. Jobes's "cervicalgia with left shoulder pain" to be a "severe impairment." (Tr. 32). Ms. Jobes's treating physician, Dr. Shukla, opined that she had limited manipulative functioning, including reaching. (Tr. 625). The ALJ referred to findings of pain triggered by motion in the shoulders on multiple occasions. *See, e.g.*, (Tr. 39) ("the treatment notes indicate . . . a general level of pain and difficulty reaching overhead with the right upper extremity."). The ALJ wrote in the RFC assessment, "[t]here is no evidence of significant abnormalities in the bilateral upper extremities that would warrant manipulative limitations as her physical and diagnostic findings have been largely unremarkable, aside from . . . occasional tenderness and pain with motion in the shoulders." (Tr. 40). The ALJ also wrote that Ms. Jobes's physical examinations contained "minimal shoulder findings aside from . . . lumbar and cervical spine tenderness, and cervical spine pain with motion on occasion." (Tr. 40). Despite these references to Ms. Jobes's cervicalgia with associated shoulder pain throughout the decision, the ALJ failed to include any explanation as to why that impairment did not necessitate any manipulative limitations involving the upper extremities. The ALJ cited Ms. Jobes's crocheting as something that "belies significant hand limitation," (Tr. 40), but did not cite or discuss any evidence regarding her use of her shoulders for functional activity. Accordingly, the ALJ's decision leaves no basis upon which this Court can review this issue. Remand is therefore warranted.

Because the case is being remanded on other grounds, I need not address whether the ALJ adequately considered Listing 1.04A. Pl. Mot. 9-19; Pl. Resp. 2-8. On remand, the ALJ should review the issue and determine whether additional discussion of Listing 1.04 is required.

For the reasons set forth above, Plaintiff's Motion for Summary Judgment (ECF No. 16) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 17) is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

    Sincerely yours,

    /s/

    Stephanie A. Gallagher
    United States Magistrate Judge